UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES

       v.                                            Criminal No.  03-10211-JLT

RUSSELL CHIARY, JR.
          Defendant.

## MEMORANDUM AND ORDER

TAURO, D. J.

      Now before this Court is Defendant Russell Chiary Jr.'s ("Chiary") Letter (#65) requesting a status report with respect to his request for post-conviction relief pursuant to United States v. Booker, 125 S. Ct. 738 (2005), which he contends was filed in March, 2005.[1]

      A review of the docket of this Court indicates that Chiary did, in fact, file such a request on March 24, 2005 via a letter dated March 10, 2005.  Because the request was not filed in proper form, the letter was docketed as a "letter (non-motion)" (#24) by the clerk, and was not docketed as a formal motion pursuant to 28 U.S.C. § 2255.  However, on March 27, 2005 a copy of Chiary's letter was sent by the clerk to Attorney Welsh with instructions to contact the Court with respect to this letter.  No communication was received by the Court, and no action has been taken to date with respect to this letter.

      In light of the above, the Court will construe the March 10, 2005 Letter (#24) as a Motion pursuant to 28 U.S.C. § 2255, unless Chiary advises this Court in writing, within forty-two (42) days of the date of this Memorandum and Order, that he objects to the Court's conversion of his Letter into a § 2255 Motion.[2]

---

       [1]Judgment of conviction entered on October 25, 2005 (#62).

      [2]Because the conversion of the Letter into a § 2255 motion may have adverse consequences to Chiary (as in the case of any second or successive § 2255 motion filed), the Court will permit Chiary an opportunity to object to the Court's treatment of his March 2005 Letter as a § 2255 motion.  However, because of the limitations period with respect to the filing of § 2255 motions, if Chiary does not object to the conversion and files an amended motion as

The clerk is directed to send Chiary a standard § 2255 form along with a copy of this Memorandum and Order.  If Chiary wishes to pursue a motion pursuant to 28 U.S.C. § 2255, he shall complete the standard form and file it with this Court within forty-two (42) days of this Memorandum and Order, and attach a copy of this Memorandum and Order.   The Court will deem Chiary's filing of this standard form as an "amendment" to the initial motion (#24).

It is Further Ordered that upon receipt of the standard form, the clerk shall, in accordance with the normal procedures of the Clerk's Office, open this matter as a new § 2255 civil action and assign it a new civil docket number.  The clerk shall then docket Chiary's March 2005 Letter (#24) as the initial § 2255 motion, and the standard form as an "amended" motion.  For purposes of case opening, the Court will deem the March 10, 2005 Letter (#24), filed in this Court on March 24, 2005, as the operative filing date for the § 2255 motion.

If and when a new civil action is opened, a Service Order shall issue directing the clerk to serve the petition on the United States Attorney, and for the United States Attorney to respond to the amended § 2255 motion 20 days thereafter.  Upon review of the pleadings, the Court will consider whether appointment of counsel pursuant to 18 U.S.C. § 3006A is warranted in the interests of justice.


SO ORDERED.

                                              /s/ Joseph L. Tauro
                                              JOSEPH L. TAURO
                                              UNITED STATES DISTRICT JUDGE
DATED: June 15, 2006:

---

directed herein, the Court will construe Chiary's Letter as the effective date upon which the § 2255 motion was filed.