UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES

v.                                          Criminal No.  03-10211-JLT

RUSSELL CHIARY, JR.
                Defendant.

FURTHER MEMORANDUM AND ORDER

TAURO, D. J.

On June 15, 2006, this Court issued a Memorandum and Order (#66) indicating that the

Court would construe Defendant Chiary's ("Chiary") March 10, 2005 Letter (#64) as a Motion

pursuant to 28 U.S.C. § 2255, unless Chiary advised this Court in writing that he objected to the

conversion of his Letter into a § 2255 Motion.  Additionally, if Chiary sought § 2255 relief, he

was instructed to file a motion pursuant to 28 U.S.C. § 2255 on the standard template form,

which the Court would then construe as an "amended" § 2255 motion.

In response to the Memorandum and Order (#66), Chiary filed a standard § 2255 form.

However, in his cover Letter (#67), Chiary states, in part:

> I do not want to use the only relief to me if **United States v. Booker**, is
> ruled retroactive so I can gain some relief.  I do not want to forfeit my claim
> under **United States v. Booker**, on some procedural grounds as not filing my
> claim within one year of a Supreme Court decision.
>
> Additionally, I understand that the Supreme Court is going to decide the
> retroactivity question regarding **United States v. Booker** and **United States v.
> Blakly** [sic] in in [sic] **Burton v. Waddington.**
>
> Finally, if this Honorable Court cannot make the decisions that is in my
> best interest regarding this matter, I have filled out the 28 U.S.C. § 2255 forms
> and I have enclosed them with this letter.  If retroactivity becomes an issue, I
> would request for my petition to be held in abeyance until the decision in **Burton
> v. Waddington**, is decided.

Letter (#67) at 1 (emphasis in bold in original).

It therefore appears from this Letter, that Chiary is uncertain as to the best way to

proceed in this matter, and seeks the Court's pronouncement as to the course of action which is

in his best interest.   In other words, he is not sure whether he should file a § 2255 motion or not,

and asks this Court to make the decision that is most favorable to him.

 To the extent that Chiary is seeking to "test the waters" as to whether to file a § 2255

motion, or otherwise seeks guidance from the Court as to what he should do, the Court cannot

condone this tactic, nor can the Court advise Chiary as to the course of action which is in his best

interest.  Chiary must make his own decisions as to whether and when to file a § 2255 motion.

Because it is unclear at this juncture whether Chiary wishes to proceed with a § 2255 motion at

this time, the Court will permit Chiary an additional 30 days in which to decide whether or not

he intends to pursue a  § 2255 motion at this time.  With respect to his request for a Stay and

Abeyance of any § 2255 motion, the Court will defer ruling pending compliance with this

Further Memorandum and Order.

 Accordingly, in light of the above, it is hereby ORDERED that:

1. Within 30 days of the date of this Further Memorandum and Order, Chiary shall notify
this Court in writing, whether or not he wishes to file the "amended" § 2255 motion
(submitted as attachments to his Letter (#67);

2. If Chiary fails to comply with this Further Memorandum and Order, or notifies the Court
that he does not wish to pursue a § 2255 motion at this time, the matter will be deemed
closed, and no further action shall be taken by this Court with respect to Chiary's first
Letter (#64) filed March 24, 2005, and his subsequent filings (#67);

3. If Chiary advises this Court that he wishes to file the "amended" § 2255 motion (attached
to the cover Letter (#67), then the clerk shall open this matter as a new § 2255 civil
action and assign it a new civil docket number.  The clerk shall then docket Chiary's
March 2005 Letter (#64) as the initial § 2255 motion, and the standard form as an
"amended" motion.  For purposes of case opening, the Court will deem the March 10,
2005 Letter (#64), filed in this Court on March 24, 2005, as the operative filing date for
the § 2255 motion;

4. If Chiary notifies the Court that he wishes to have the "amended" § 2255 motion filed

2

and opened as a new civil action in accordance with this Further Memorandum and Order, and also seeks a Stay and Abeyance of the § 2255 motion, he shall file a separate "Motion for Stay and Abeyance" setting forth the grounds for the request, and the Court will consider such motion after receipt of the response of the United States; and

5.    If and when a new civil action is opened, a Service Order shall issue directing the clerk to serve the petition on the United States Attorney, and for the United States Attorney to respond to the amended § 2255 motion 20 days thereafter.


SO ORDERED.

         s/ Joseph L. Tauro
        JOSEPH L. TAURO
        UNITED STATES DISTRICT JUDGE

DATED: 7/31/06